## I. W. BILLINGS v. THE STATE.

### No. 2074. Decided November 22, 1899.

**1. Local Option—Publication of Result of Election—Parol Proof.**

On a trial for violation of local option, the State may resort to parol proof of the order of the judge certifying to the fact of the publication of the result of the election in the newspaper for the required length of time.

**2. Same—Evidence Insufficient.**

Where the complaint for a violation of local option was filed the 10th of October, 1898, and the information was not filed until 28th of February, 1899, Held, that testimony of the prosecuting witness, that the whisky was purchased by him some time in the fall of 1898, but that he did not know whether in October or not, is insufficient to support the conviction, because it fails to show that the offense was committed prior to the filing of the complaint.

APPEAL from the County Court of Delta. Tried below before Hon. W. S. BANISTER, County Judge.

Appeal from a conviction for violation of local option; penalty, a fine of $50 and twenty days imprisonment in the county jail.

No statement necessary.

*L. L. Wood,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and twenty days imprisonment in the county jail, and he prosecutes this appeal.

Appellant contends that the conviction was erroneous, because the State resorted to parol proof of the order of the judge certifying to the fact of publication of the result of the local option election in the newspaper for the required time; and he also contends that said proof was insufficient. In our opinion, there was no error in this action of the court. The evidence of publication for four successive weeks is not as strong as possibly it may be made on another trial, but we are not prepared to say that the same was insufficient.

Appellant also contends that the proof in this case was not sufficient, in that it failed to show that the purchase of the liquor was made at a date anterior to the making of the complaint. The complaint appears to have been made and filed on October 10, 1898, and alleged the commission of the offense on September 10, 1898. The information was not filed until February 28, 1899. The only proof as to the time when said liquor was sold is found in the testimony of R. Bryant. We quote all that was said on this subject: "Some time during the fall of the year 1898, I bought a drink of whisky from defendant in Delta County, Texas, at the town of Enloe, and paid him 10 cents for it. I do not know what time in the fall it was. I do not know whether it was in October or not." Now, the question pre-

sented to us for determination is whether the proof here exhibited shows definitely that the purchase of the whisky was made at a time prior to the 10th of October, 1898; for, unless this be true, the conviction must be set aside. The witness testified that it was some time in the fall of 1898, and did not know whether it was in October. For aught that appears, it may have been after the 10th of October, 1898, as well as before that date. "Some time during the fall" is no definite indication of any particular time of the fall. It occurs to us it would have been a very easy matter to have made this time sufficiently definite. It appears that R. Bryant made the complaint, and yet, as far as the record advises us, this complaint was not presented to him, and he asked if the purchase of the liquor by him was in fact made before the filing of said complaint. As stated before, the information was not filed until long after the complaint was filed, and the trial was not had until March, 1899.

We can not hold that the time of the commission of the offense, under the evidence in this case, was shown to have been committed prior to the 10th of October, 1898. Hardy v. State (Texas Crim. App.), 44 S. W. Rep., 173. The judgment is accordingly reversed, and the cause remanded.

*Reversed and remanded.*